UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cr-10008-KMM-1

UNITED STATES OF AMERICA

v.

BRADLEY DUANE LONG,

    Defendant.
                                                 /

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Bradley Duane Long ("Defendant")'s Motion to Suppress Physical Evidence. ("Motion" or "Mot.") (ECF No. 16). The Government filed a response to the Motion on June 27, 2022. ("Resp.") (ECF No. 27). The matter was referred to the Honorable Lurana S. Snow, United States Magistrate Judge, who conducted a suppression hearing on August 15, 2022, *see* (ECF No. 23). On August 23, 2022, Magistrate Judge Snow issued a Report and Recommendation ("R&R") (ECF No. 31), recommending that Defendant's Motion be DENIED. *Id.* at 9. Defendant timely filed objections to the R&R ("Obj.") (ECF No. 32), and the Government filed a reply (ECF No. 33). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

    **I.**    **BACKGROUND**

On or around January 13, 2022, the internet messaging system Kik submitted a CyberTip (i.e. an investigative lead in cases dealing with missing and exploited children) alleging that, between December 11–12, 2021, 16 images of child pornography and a 39-second video displaying the same had been uploaded and shared among a group of Kik users. R&R at 1–2; Obj. at 2. Through this tip, law enforcement officers were able to locate the IP address (and therefore, the physical

address) associated with the upload of those files on February 2, 2022. R&R at 1–2.

On February 28, law enforcement agents applied for a search warrant for Defendant's residence through a warrant application ("Application"). Obj. at 2. First, the Application's affiant explained that he had reviewed several of the images and confirmed they contained prepubescent child pornography. R&R at 2. Further, the Application lists the IP address from which the files were uploaded and the corresponding physical address at which the IP was active. *Id.*; *see also* (ECF No. 23-1) at 7. The Application also describes three of the images and the video. (ECF No. 23-1) at 7–8. Finally, the Application describes characteristics of child pornography "collectors" as observed by the affiant. *Id.* at 9–12.

On February 28, 2022, a state court judge authorized a search warrant for Defendant's residence (the "Warrant"). Obj. at 2. The Warrant was executed on March 3, 2022, on which date agents found images and videos of prepubescent pornography on Defendant's iPad. R&R at 3. Defendant was subsequently arrested. *Id.*

On April 29, 2022, Defendant was charged in a two count Indictment with distribution of child pornography and possession of child pornography. (ECF No. 3). Trial was originally set during the two-week trial period beginning July 5, 2022, (ECF No. 13), but has since been continued until the trial period beginning October 11, 2022. (ECF No. 26).

Defendant filed his Motion on June 13, 2022. (ECF No. 23). Therein, Defendant sought suppression of all physical evidence discovered in his residence "due to the staleness of the information which was contained in the [Application]." Mot. at 3. Defendant argued that, because more than two months had elapsed between the date of the file upload and the date of the Warrant's execution, the information contained in the Application was stale and did not give rise to probable cause. *Id.* at 3–5. Further, Defendant argued the Warrant contained no allegations that would

indicate a habit of illegal pornographic activity, no allegations that his IP had been monitored between the tip and the Warrant for ongoing activity, and no allegations that the activity was "anything other than a one-time isolated event over a 24 hour period." *Id.* at 5–6.

The Government filed its Response on June 27, 2022. (ECF No. 27). Defendant did not file a reply. The matter was referred to Magistrate Judge Snow, who held a suppression hearing on August 15, 2022, which lasted approximately 40 minutes. (ECF Nos. 25, 30).

On August 23, Magistrate Judge Snow issued an R&R recommending that this Court deny Defendant's Motion. *See generally* (ECF No. 31). Relying on *United States v. Bervaldi*, 226 F.2d 156 (11th Cir. 2000), and other cases from the Eleventh Circuit, Magistrate Judge Snow determined the information in the Application was not stale and supported a finding of probable cause. *See* R&R at 5–7. Specifically, Magistrate Judge Snow cited cases indicating that courts assess staleness differently in child pornography cases, and, based on those cases, found that "the time lapse of 2 ½ months [in Defendant's case] is not unduly long." *Id.* (citing *United States v. Richardson*, No. 11-20265-CR, 2011 WL 1979812, at *3 (S.D. Fla. May 20, 2011) and *United States v. McBurnette*, 382 Fed. App'x 813, 815 (11th Cir. 2010)). Thus, Magistrate Judge Snow concluded that "none of the [*United States v. Leon*, 468 U.S. 897 (1984)] exceptions applies to this case and the evidence seized pursuant to the warrant should not be suppressed." *Id.* at 8.

Defendant filed objections to the R&R on August 27, 2022. (ECF No. 32). Defendant objected to the Magistrate Judge's conclusion regarding staleness by reciting largely the same arguments his original Motion relied upon. *See, e.g.*, Obj. at 6 (reiterating the Application's silence as to Defendant's habits, the lack of monitoring of Defendant's IP and the idea that Defendant's activity was not "ongoing"). Defendant also lodges an objection to the Magistrate Judge's *Leon* determination by arguing that, based on their "training and experience, the agents could not

3

reasonably rely on [the Warrant]." *See* Obj. at 8–9.

## II. LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous

standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

### III. DISCUSSION

In the R&R, Magistrate Judge Snow recommends that the Court deny Defendant's Motion because the probable cause upon which the Warrant was based was not "stale" as defined by Eleventh Circuit precedent, and therefore none of the factors precluding reliance on the "good faith exception" established in *United States v. Leon*, 468 U.S. 897, 921–23 (1984), applied. *See* R&R at 8. Defendant Long raises two objections to Magistrate Judge Snow's conclusions: (1) Defendant again argues the Warrant was based on stale probable cause; and (2) Defendant argues the third *Long* exception applies (i.e. the Warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"). *See* Obj. at 1–2, 8–10; *see also Leon*, 468 U.S. at 923. The Court responds to each of these objections in turn.

#### A. STALENESS

Defendant's staleness objections deviate little from his arguments in the Motion itself. Defendant rehashes his basic factual contentions several times in the section, maintaining: (1) the Application contained no facts indicating Defendant traded or conversed about child pornography as a "collector" might, *see* Obj. at 3, 4, 7; (2) the Application contained no facts indicating Defendant's activity was anything more than an isolated incident, *see id.* at 3, 6, 7; (3) the tip from Kik was over two months old when the Warrant was executed, *see id.* at 3, 4, 5 and 7; and (4) the Application contained little reason to suspect Defendant's involvement other than the IP Address connecting his device to the files' upload, *see id.* at 3, 4, 5, 6 and 7. On these facts, Defendant concludes the Application's information was stale and therefore probable cause did not exist when the warrant was executed. *See id.* at 7–8. None of these arguments, however, is newly introduced in Defendant's Objections, and Magistrate Judge Snow dispensed with each in her R&R.

First, Magistrate Judge Snow concluded that the Application contained sufficient factual assertions to characterize Defendant as a "collector," despite its lack of information regarding Defendant's "trading, conversing about or dealing with" pornographic materials. *See, e.g.*, R&R at 8 ("Courts addressing this issue have held that a person who uploads or possesses multiple images of child pornography qualifies as a 'collector.'") (citing *Richardson*, 2011 WL 1979812, at *3). Defendant raises no specific objection or authority indicating otherwise. *See* Obj. at 2–5.

Based on this conclusion, Magistrate Judge Snow then found Defendant's activity was continuous in and of itself, regardless of its occurrence over a single 24-hour period. R&R at 8 ("[T]he possession and sharing of 16 still images and one video of child pornography is not an isolated incident for purposes of the *Brevaldi* analysis."). Again, Defendant raises no particular objection to the contrary. *See* Obj. at 2–5.

Further, Magistrate Judge Snow explicitly held that a "time lapse of 2 ½ months is not unduly long" and referred to other child pornography cases in which information ranging from two months to two years was held to be not stale. *See id.* at 5, 7 (citing *Richardson*, 2011 WL 1979812, at *3 (two months); *McBurnette*, 382 Fed. App'x at 815 (approximately two years)). To rebut this idea, Defendant cites *Batista v. Henderson*, 487 F.2d 860 (5th Cir. 1973), for the general proposition that "where an affidavit recites a mere isolated violation then it is not unreasonable to believe that probable cause quickly dwindles with the passage of time." *Id.* at 864. Yet unlike Magistrate Judge Snow's cited authorities, *Batista* deals with a warrant for firearms and narcotics in the context of a bank robbery—and as the Magistrate Judge noted, "traditional concepts of staleness that might apply to the issuance of search warrants for contraband or drugs do not mechanically apply to situations as here, where the object of the search is for images of child pornography stored on a computer." R&R at 7 (citing *United States v. Miller*, 450 F. Supp. 2d

1321, 1335 (M.D. Fla. 2006). To the extent that Defendant's objection here was concrete and supported by legal authority, Magistrate Judge Snow had already dispensed with it in her R&R.

Finally, Magistrate Judge Snow found that forensic examiners' ability to retrieve deleted materials from a hard drive gave rise to probable cause even two and a half months after the files were uploaded, regardless of the Application's lack of other information about Defendant's habits. *See* R&R at 7–8 (explaining that "of particular importance to the court" was the fact that data would remain on a hard drive until overwritten and determining "there was probable cause to believe that the images or remnants of the images . . . remained on a device associated with the Defendant's residence on February 28, 2022"). In his Objections, Defendant claims the activity "could have been performed on a mobile device which was no longer in the residence." *See* Obj. at 6–7. Yet the Magistrate Judge had already provided authority suggesting that, in child pornography cases, courts view "an individual's residence as a secure operational base," and therefore the place where the information would most likely be kept. *See* R&R at 6–7 (citing *United States v. Frechette*, 583 F.3d 374, 378 (6th Cir.2009).

As such, the Court finds Defendant's staleness objections are "nothing more than a rehashing of the same arguments and positions taken" in his original Motion (and were dispensed with through argument and citations to legal authority in Magistrate Judge Snow's R&R). *See Marlite, Inc.*, 2012 WL 3614212, at *2. The Court finds no clear error with the Magistrate Judge's conclusions as assessed above and therefore overrules the objection.

### B.  LACK OF GOOD FAITH

Defendant argues the officers "could not reasonably rely on a warrant [lacking] any details of substance which were indicative of any ongoing illegal activity or the presence of illegal materials in the home." Obj. at 9. At its heart, this contention is another restatement of arguments

previously offered. Defendant repeats the same factual bases as asserted in his staleness objection (e.g. the Application did not contain anything other than the information about the IP Address; it was based on a tip which was over two months old; it did not allege sufficient facts to characterize Defendant as a "collector"). *See* Obj. at 8–9.[1] Yet in the conclusion of her staleness analysis, Magistrate Judge Snow also determined that the third *Leon* exception was inapplicable. *Id.* at 8 ("Based on this finding [that the information was not stale], it is clear that none of the Leon exceptions applies to this case."). Defendant offers no specific objection to the contrary. *See* Obj. at 8–9. Thus, for the same reasons the Court finds no clear error in the Magistrate Judge's conclusions regarding Staleness, it finds no clear error in her conclusions regarding *Leon* as well.

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 31) is ADOPTED, and Defendant's Motion to Suppress Physical Evidence (ECF No. 23) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this *14th* day of September, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record

---

[1] In fact, Defendant almost fails to mention the Magistrate Judge's discussion here entirely and states no particularized objection to her analysis. *See id.* (mentioning the Magistrate Judge's discussion of *Leon* only to the extent that it correctly identified the grounds upon which his original Motion was based).